**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

KAREN DALLAS, as Personal Representative
of the Estate of Melvin Dallas, III, deceased          **PLAINTIFF**

v.                                                                        **CAUSE NO. 1:16CV358-LG-RHW**

PREMIER VEHICLE TRANSPORT, INC.,
and CHRISTOPHER BROUS                                      **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

BEFORE THE COURT are the [47] Motion for Summary Judgment as to

Plaintiff's Claim for Punitive Damages filed by the defendants, and the [49] Motion

for Partial Summary Judgment filed by the plaintiff, in which Plaintiff requests

judgment as a matter of law on the issue of liability in this fatal vehicle accident

case.  The motions have been fully briefed.  After due consideration of the

submissions and the relevant law, it is the opinion of the Court that there remain

questions of material fact for the jury on the issue of liability.  Accordingly, the

plaintiff's Motion will be denied.  The Court further finds that the facts of this case

do not merit punitive damages.  Accordingly, the defendants' Motion will be granted

and the punitive damages claim dismissed.

I. BACKGROUND

Plaintiff Karen Dallas is the mother and personal representative of Melvin

Dallas, III, who was killed in a motor vehicle accident in February 2015.  At

approximately ten o'clock in the evening, Melvin was driving westbound on

Interstate 10 in Jackson County, Mississippi.  Dense fog prevented Defendant

Christopher Brous, driving a Freightliner semi-truck, from seeing Dallas in time to avoid striking him in a rear-end collision. Karen Dallas filed a complaint against Brous and his employer, Premier Vehicle Transport, Inc., in Jackson County Circuit Court under the Mississippi Wrongful Death Act, Miss. Code § 11-7-13. She seeks compensatory damages against both defendants and punitive damages against Premier.

After the defendants removed the case to this Court, they moved for summary judgment in regard to the demand for punitive damages against Premier, and the plaintiff moved for summary judgment on the issue of liability.

## II. LEGAL STANDARD

Summary judgment is granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (citing Fed. R. Civ. P. 56(a)). The "burden of production at trial ultimately rests on the nonmovant" and the movant must merely show an "absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010). The nonmoving party must then come forward with specific facts showing that there is a genuine issue for trial. *Id.* The Court must draw justifiable inferences in favor of the nonmovant, provided there is sufficient evidence to draw the inference. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). There is "no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 249 (1986).

## III. DISCUSSION

**A.     Liability**

The plaintiff argues that the collision at issue here occurred because,

1.  Brous was following too closely behind Dallas,

2.  Brous was exceeding the posted speed limit of seventy miles per hour,

3.  Brous failed to slow to forty-five miles per hour when he encountered the

fog conditions, and

4.  that at the time of the collision Brous had been driving longer than

allowed by state and federal regulations.

*FOLLOWING TOO CLOSELY*

The general rule in Mississippi is that "when two vehicles are traveling in the

same direction, the duty of avoiding collision generally rests with the driver of the

following vehicle, and that driver is per se negligent if he runs into the leading

vehicle absent any emergency or unusual conditions." *Reese v. Summers*, 792 So. 2d

992, 996 (Miss. 2001). "However, where there is evidence of an emergency or

unusual condition, this operates as a 'non-rule' that presents a jury question as to

whether the circumstances rise to the level of emergency or abnormal condition."

*Jamison v. Barnes*, 8 So. 3d 238, 243 (Miss. Ct. App. 2008) (citation omitted); *see*

*also White v. Miller*, 513 So. 2d 600, 601 (Miss. 1987) ("[Mississippi] has never

adopted a per se rule that the driver of the following car is negligent if he collides

with the rear of a preceding vehicle."). Here, the added factual element of fog

presents questions of fact on the issues of negligence and causation that preclude judgment as a matter of law.

> *EXCEEDING THE SPEED LIMIT, FAILING TO SLOW DOWN, AND DRIVING LONGER THAN ALLOWED BY STATE AND FEDERAL REGULATIONS.*

It is significant to note that plaintiff seeks judgment as a matter of law on the question of *liability* based on the claim of *negligence per se* on the part of Brous because he exceeded the posted speed limit[1], failed to slow down to forty-five miles per hour when he encountered the fog[2], and had been driving longer that permitted by federal law[3]. There remains however the question of whether one, or any of these alleged breaches of duty are casually related to the collision.

Mississippi recognizes the doctrine of negligence per se, which essentially provides that breach of a statute or ordinance may render the offender liable in tort without proof of lack of due care. Violation of a statute or ordinance constitutes negligence per se and will support a cause of action in tort where (1) the plaintiff is within the class protected by the statute, and (2) the harm sustained is the type sought to be prevented by the statute. Even if a defendant breaches a statutory duty and is within the class protected by the violation, the plaintiff must still show that the violation proximately caused the injury. *Simpson v. Boyd,* 880 So. 2d 1047, 1052–53 (Miss. 2004); *See also Boyer v. Tenn. Tom Constructors,* 702 F.2d 609, 611

---

[1]*See* Miss. Code Ann. § 63-3-501.

[2]*See* Miss. Code Ann. § 63-3-505.

[3]*See* 49 C.F.R. § 395.3 (a)(3).

(1983).

> [T]he negligence per se doctrine does not create a new cause of action. Rather, it is a form of ordinary negligence, that enables the courts to use a penal statute to define a reasonably prudent person's standard of care . . . The effect of declaring conduct negligent per se is to render the conduct negligent as a matter of law. Thus, a person whose conduct is negligent per se cannot escape liability by attempting to prove that he or she acted reasonably under the circumstances. *However, a finding of negligence per se is not equivalent to a finding of liability per se. Plaintiffs in negligence per se cases must still establish causation in fact, legal cause, and damages.*

*Williams ex rel. Raymond v. Wal-Mart Stores E., L.P.,* 99 So. 3d 112, 116-17 (Miss. 2012) (citing *Rains v. Bend of the River,* 124 S.W. 3d 580, 589-90 (Tenn. App. 2003) (internal citations omitted) (emphasis added).

Even assuming that Brous' conduct was, in one or more regards, tantamount to negligence per se, the plaintiff is not entitled to judgment as a matter of law on the question of *liability* absent additional undisputed proof of causation.[4] *See Ill. Cent. R. Co. v. Cryogenic Transp., Inc.*, 901 F. Supp. 2d 790, 809 (S.D. Miss. 2012) ("Finding negligence per se applicable to a party's actions, however, does not end the inquiry." ); *Dooley v. Byrd*, 64 So. 3d 951, 960 (Miss. 2011) ("When the statute applies, the court may instruct the jury that the defendant is negligent for violating the statute, but the jury must find that the violation caused or contributed to the party's injury.").

---

[4] The Court expresses no opinion at this time as to whether one or all of these alleged violations constitute negligence per se and whether plaintiff will be entitled to a negligence per se instruction as trial.

**B. Punitive Damages**

Defendants argue that the facts of this case are not sufficiently egregious to merit punitive damages. In response, Plaintiff argues that Brous' failure to reduce his speed when he encountered the fog and to follow drive time regulations demonstrate a reckless disregard for the safety of others.[5]

Under Mississippi law, the recovery of punitive damages is disfavored and permitted only in extreme cases. *See Life & Cas. Ins. Co. of Tenn. v. Bristow,* 529 So. 2d 620, 622 (Miss. 1988) ("Mississippi law does not favor punitive damages; they are considered an extraordinary remedy and allowed with caution and within narrow limits."). "[S]imple negligence is not of itself evidence sufficient to support punitive damages, but accompanying facts and circumstances may be used to show that portion of defendant's conduct which constituted proximate cause of the accident was willful and wanton or grossly negligent." *Choctaw Maid Farms, Inc. v. Hailey*, 822 So. 2d 911, 924 (Miss. 2002) (citations omitted).

This Complaint demands punitive damages only from Premier. (*Compare*, Compl. 3 ad damnum clause *with* Compl. 4-5 ad damnum clause, ECF No. 1-2). The plaintiff alleges that Premier is vicariously liable for Brous' negligence, but does not allege that Premier itself acted with malice or gross negligence. (*See* Compl. 4-5, ECF No. 1-2). Under Mississippi law, Brous' conduct cannot be imputed to his

---

[5] The plaintiff also makes an unsupported argument that Defendants' failure to produce the relevant portion of Brous' log book should result in an award of punitive damages. The Court is unaware of any authority allowing the imposition of punitive damages as a sanction for a discovery violation.

employer for the purpose of awarding punitive damages. *See, e.g., Doe v. Salvation Army*, 835 So. 2d 76, 82 (Miss. 2003); *Dawson v. Burnette*, 650 F. Supp. 2d 583, 586, n.1 (S.D. Miss. 2009). The statute requires Plaintiff to "prove by clear and convincing evidence that *the defendant against whom punitive damages are sought* acted with actual malice, gross negligence. . . ." Miss Code Ann. § 11-1-65(1)(a) (emphasis added).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' [47] Motion for Summary Judgment as to Plaintiff's Claim for Punitive Damages is **GRANTED**. Plaintiff's claim for punitive damages is dismissed.

**IT IS FURTHER ORDERED AND ADJUDGED** that the plaintiff's [49] Motion for Partial Summary Judgment is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 7th day of August, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE