IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KAREN DALLAS, as Personal Representative
of the Estate of Melvin Dallas, III, deceased                      PLAINTIFF

v.                                                  CAUSE NO. 1:16CV358-LG-RHW

PREMIER VEHICLE TRANSPORT, INC.,
and CHRISTOPHER BROUS                                         DEFENDANTS

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE THE OPINIONS AND TESTIMONY OF DR. GEORGE CARTER

BEFORE THE COURT is the defendants' [45] Motion to Exclude the Opinions and Testimony of Dr. George Carter. The defendants contend that Carter's opinions regarding the economic value of decedent's life are unreliable. The Motion has been fully briefed. After due consideration of the submissions, the Court finds that the Motion should be granted in part and denied in part.

THE LEGAL STANDARD

When seeking to introduce expert testimony, the offering party must show "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009). The district court serves a gatekeeping function, "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). A dispute between experts over the interpretation of data does not render an expert's

opinion unreliable if the opinion is otherwise grounded in a proper foundation and the expert is qualified by training, education, and experience. *Kovaly v. Wal-Mart Stores Tex., L.L.C.*, 627 F. App'x 288, 290-91 (5th Cir. 2015). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

DISCUSSION

Melvin Dallas, III, was twenty-two years old when he was killed in the vehicle accident at issue in this wrongful death case. Mississippi's wrongful-death statute allows recovery of damages in the amount the jury determines to be just, taking into consideration all damages of every kind to the decedent and all damages of every kind to any and all interested parties in the suit. Miss. Code Ann. § 11-7-13. This statutory language provides for (1) medical and funeral costs; (2) the present net cash value of the life expectancy of the deceased if older than the beneficiaries; (3) the loss of the companionship and society of the decedent; (4) the pain and suffering of the decedent between the time of injury and death; and (5) punitive damages, when appropriate. *See Jesco, Inc. v. Whitehead,* 451 So. 2d 706, 710 (Miss. 1984).

The plaintiff retained Dr. Carter to provide opinions on the economic loss to Dallas' estate. Dr. Carter provided a lengthy, detailed report in which he states that the "scenario valued" is:

> If not for death, Melvin Dallas would have completed a 20-year career in the U.S. Air Force, then he would have worked in a post-military typical civilian occupation for his work life expectancy. Mr. Dallas would have married at a typical age, and he would have maintained a household with his spouse for his life expectancy.

(Def. Mot. Ex. 1, at 1, ECF No. 45-1).

The defendants object to five aspects of Dr. Carter's analysis. According to the defendants, Dr. Carter has assumed without a reasonable basis that 1) Dallas would have married and 2) had a twenty-year military career. Further, Dr. Carter 3) does not establish that Dallas received any fringe benefits, and in any event, Dallas' heirs and beneficiaries are not in the class of individuals who are entitled to receive these damages. Dr. Carter also fails to support the 4) loss of household services calculation with evidence that Dallas provided household services to his heirs and beneficiaries, or 5) loss of entitlement benefits calculation with evidence that Dallas' heirs and beneficiaries are in the class of individuals who are entitled to receive any damages for loss of these benefits.

a. *The Assumption of Marriage*

Plaintiffs argue that Dr. Carter has supported his assumption that Dallas would have eventually married with statistics from the United States Census. According to those statistics, half of American males marry by the time they reach age twenty-nine, and sixty-four percent of men have been married by the age of thirty-five. (Def. Mot. Ex. 1, at 4, ECF No. 45-1). Assuming the probability that a young person will marry appears to be Dr. Carter's established practice, and it was not disallowed by the Mississippi Supreme Court in *Spotlite Skating Rink, Inc. v.*

3

*Barnes ex rel. Barnes*, 988 So. 2d 364, 371 (Miss. 2008).  As in that case, if there are individual characteristics that would take Dallas out of the realm of the average, the defendants will have an opportunity to rebut the presumption of marriage.  *See id*.  But the assumption that Dallas would have married does not render Dr. Carter's opinion testimony unreliable.

    b.  *The Assumption of a Twenty-Year Military Career*

Plaintiffs argue that the defendants' disagreement about whether the average military career is twenty years is simply a dispute between experts.  Although the plaintiffs contend that Dr. Carter has based his assumption "on the profile of Mr. Dallas," Dr. Carter does not discuss any individual factors that might have impacted the length of Dallas' military career.  (Def. Mot. Ex. 1, at 8, ECF No. 45-1).  In their objection, the defendants argue that their expert relies on the Report of the Military Compensation and Retirement Modernization Commission, which shows that only twenty percent of servicemen have a twenty-year career, and less than fifty percent serve six years.  (Def. Mem. 6, ECF No. 46).  This issue presents a scenario opposite that of the assumption of marriage issue above, as here Dr. Carter has made an assumption of a value outside of the statistical average.  Without some explanation of the basis for his assumption of a twenty-year military career, the Court cannot assess the reliability of Dr. Carter's opinion.  The opinion appears to constitute impermissible ipse dixit, and for that reason it must be excluded.  *See Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) ("[W]ithout more than

4

credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible.").

   c. *Fringe Benefits*

The defendants argue that there is no evidence that Dallas received any fringe benefits from his employment, and under Mississippi law, "[f]ringe benefits must not be added unless they actually have been received." *Rebelwood Apartments RP, LP v. English*, 48 So. 3d 483, 496-97 (Miss. 2010). Dr. Carter made two separate fringe benefit calculations, for military and civilian employment.

In his calculation of Dallas' military employment fringe benefits, Dr. Carter included health, housing, subsistence and cash clothing replacement benefits provided by the military. (Def. Mot. Ex. 1, at 33-36, ECF No. 45-1). The values for these individual benefits were calculated as a percentage of wages, pursuant to military pay charts. (*Id*. at 34, 35-36). It is not necessary for there to be evidence from pay stubs or tax returns indicating that Dallas actually used any of these fringe benefits for Dr. Carter's opinion on their value to be admissible. In the Court's view, the defendants' arguments go to the weight of Dr. Carter's testimony rather than its admissibility. *See Ashford v. Wal-Mart Stores, LP*, No. 1:11-CV-57-HSO-JMR, 2013 WL 152853, at *4 (S.D. Miss. Jan. 15, 2013).

In regard to Dallas' post-military, civilian career, Dr. Carter simply applied a "typical employer-provided fringe benefit" rate of 15.74% of wages. (Def. Mot. Ex. 1, at 37, ECF No. 45-1). Mississippi law precludes opinion testimony of fringe benefits in these circumstances. In cases valuing the economic life of a child, the Mississippi

Supreme Court has held that it is proper to limit expert testimony of fringe benefits, because the value of those benefits may not be added to presumptive income unless actually received. *McIlwain v. Natchez Cmty. Hosp., Inc.*, 178 So. 3d 678, 688 (Miss. 2015); *Rebelwood*, 48 So. 3d at 496-97. Dallas' potential civilian employment is just as speculative as that of children who have never been employed. Accordingly, Dr. Carter's opinion of the value of Dallas' civilian employment fringe benefits will not be allowed.

    d. *Loss of Household Services and Entitlement Benefits*

Dr. Carter calculated the value of Dallas' lost household services, because "[p]eople typically provide more than a pay check to support their families and/or themselves." (Def. Mot. Ex. 1, at 43, ECF No. 45-1). He relied on a publication called THE DOLLAR VALUE OF A DAY: 2015 DOLLAR VALUATION. (*Id.* at 44). Dr. Carter also calculated the value of Dallas' lost entitlement benefits, based on employer contributions to the Disability Insurance Trust Fund and the Medicare Insurance Trust Fund. (*Id.* at 28). Defendants argue that this testimony should be excluded because Dallas had no spouse or children, and there is no evidence that any heir or wrongful death beneficiary relied on him for household services or entitlement benefits. As a result, the defendants contend that the plaintiffs cannot recover damages for the loss of household services or entitlement benefits.

The defendants' motion is untimely to the extent it suggests that these damages are *per se* unrecoverable. Though filed as a motion in limine, the motion really seeks partial summary judgment and should have been filed before the

deadline for dispositive motions. Regardless, the fact that Dallas was single and did not reside with other members of his family does not foreclose the possibility that he did or would have provided household services or entitlement benefits to them. Furthermore, the Court has noted above the language of the wrongful death statute, allowing beneficiaries to seek "all the damages of every kind to the decedent and all damages of every kind to any and all parties interested in the suit." Miss. Code. Ann. § 11-7-13. Whether the plaintiff can prove these damages is another matter, but that question is for the jury to decide. Dr. Carter's opinion testimony in regard to loss of household services and entitlement benefits will be allowed.

CONCLUSION

After considering the defendants' objections to the admission of Dr. Carter's opinion testimony, the Court finds that the following opinions are unreliable and therefore inadmissible: 1) the assumption of a twenty-year military career; and 2) the value of Dallas' civilian employment fringe benefits. Dr. Carter will not be allowed to testify regarding these opinions. The remainder of the defendants' objections to Dr. Carter's opinions are overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the defendants' [45] Motion to Exclude the Opinions and Testimony of Dr. George Carter is **GRANTED IN PART** and **DENIED IN PART** as set out above.

**SO ORDERED AND ADJUDGED** this the 23rd day of August, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE