IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

KAREN DALLAS, as Personal Representative
of the Estate of Melvin Dallas, III, deceased                              PLAINTIFF

v.                                                            CAUSE NO. 1:16CV358-LG-RHW

PREMIER VEHICLE TRANSPORT, INC.,
and CHRISTOPHER BROUS                                                    DEFENDANTS

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AMENDMENTS/
SUPPLEMENTS TO DEFENDANTS' INTERROGATORIES AND,
ALTERNATIVELY, IN LIMINE MOTION TO EXCLUDE NEW WITNESSES
AND INFORMATION PRODUCED BY PLAINTIFF

BEFORE THE COURT is the [74] Motion to Strike or In Limine filed by the defendants seeking exclusion of certain evidence and testimony not timely or fully disclosed in this wrongful death case. The plaintiff has responded, and the defendants have replied. After due consideration of the submissions, the Court finds that the Motion should be granted in part and denied in part.

DISCUSSION

The defendants' filed this Motion contending that Plaintiff Karen Dallas failed to disclose a number of fact witnesses, timely provide certain documents in discovery, and make full expert disclosures for three expert witnesses. The subsequent briefing has narrowed the items of disagreement to whether J. Brent Davis, M.D., Jason Moody, and Jason Burke were properly disclosed as expert witnesses, and whether Dr. Davis's autopsy report should be excluded because it was only recently disclosed.

1. **Expert Witnesses**

Rule 26 requires parties to disclose the identity of any person who will provide expert testimony at trial. Fed. R. Civ. P. 26(a)(2)(A). All disclosures must be made and supplemented in the time and sequence ordered by the Court. Fed. R. Civ. P. 26(a)(2)(D)-(E). A party's failure to properly disclose an expected expert's testimony is "grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2). Additionally, Rule 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, the Local Rules also place responsibility on a litigant to bring an inadequacy in the other party's disclosures to the Court's attention while there is time to remedy it. "Challenges as to inadequate disclosure of expert witness(es) must be made no later than thirty days before the discovery deadline or will be deemed waived." L.U. Civ. R. 26(a)(3).

In her answers in the defendants' interrogatories, Dallas identified the following as her expert witnesses:

> Medical Examiner (Cause of death)
> Jason J. Moody, Deputy Coroner
> Jason Burke, Acadian Ambulance

(Def. Mot. Ex. 2, at 2, ECF No. 74-2). Dallas states that it was in September 2017 that she learned that the Medical Examiner was Dr. Davis and received the report of autopsy and photographs from the Mississippi State Medical Examiner's Office.

(Def. Mot. Ex. 5, ECF No. 74-5).

### a. J. Brent Davis, M.D.

Dallas' identification of Dr. Davis only as "Medical Examiner" is wholly inadequate to disclose any type of witness. *See* Fed. R. Civ. P. 26(a)(1)(A)(I) (requiring "the name" of witness). Accordingly, the Court does not consider that Dr. Davis was disclosed as an expert witness until September 27, 2017, well beyond the plaintiff's deadline for doing so. Even when she identified Dr. Davis by name, Dallas did not provide the subject matter of his testimony and a summary of the facts and opinions to which he was expected to testify. Fed. R. Civ. P. 26(a)(2)(C). Thus, Dallas' designation of Dr. Davis was both late and inadequate. Without giving any explanation for the tardy and insufficient designation, Dallas argues that the testimony of Dr. Davis will not prejudice the defendants because he will testify as to cause of death, which is not at issue in this case. She states she will call Dr. Davis only if cause of death becomes an issue.

In considering whether to exclude an expert not properly designated, the Court considers four factors: (1) the explanation for failing to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). Dr. Davis will not be allowed to testify as an expert witness because the factors the Court is to consider do not weigh in favor of disregarding the expert witness deadlines imposed

in this case. Dallas does not explain why she failed to identify Dr. Davis by name until shortly before trial; his testimony goes to a non-material issue in the case; and a continuance is not warranted to cure any prejudice given the unimportance of the issue and the imminent trial date. This holding does not preclude Dallas from calling Dr. Davis as a fact witness.

        b. Jason J. Moody and Jason Burke

Dallas' answers to interrogatories in January 2017 also identified Jason Moody, the Jackson County deputy coroner, and Jason Burke, an Acadian Ambulance employee, as people she intended to call as expert witnesses. (Def. Mot. Ex. 2, at 2, ECF No. 74-2). There was no further information provided.[1] Defendants' challenge to the insufficiency of these designations should have been filed by April 2, 2017, thirty days before the discovery deadline, to avoid waiver under the Local Rules. As the defendants' challenge is untimely, it has been waived. Moody and Burke will not be excluded as expert witnesses on the inadequate designation grounds asserted by the defendants.

**2. Documentary Evidence**

The autopsy report Dallas produced to the defendants on September 27, 2017, is dated March 5, 2015. (Def. Mot. Ex. 5, at 2-5, ECF No. 74-5). Dallas does not explain why she was unable to obtain and produce the autopsy report prior to the

---

[1] At the least, Dallas should have provided the subject matter of each expert's testimony, and a summary of the facts and opinions to which he is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

March 2017 discovery deadline, or at least significantly earlier than late September 2017. Rule 37's "sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." *Hill v. Koppers Indus.*, No. CIV.A. 3:03CV60-P-D, 2009 WL 3246630, at *2 (N.D. Miss. Sept. 30, 2009) (citing *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998)).

Dallas argues that her violation of Rule 37 in this instance is harmless, because the autopsy report concerns an issue she does not believe will come up during trial, and so she does not intend to actually introduce the document. The Court agrees with Dallas' assessment of the autopsy report as an unimportant piece of evidence. Regardless of the decedent's medical cause of death revealed by the autopsy report, there is no question that the vehicle collision caused the fatal injuries. It is the cause of the vehicle collision that is at issue. Nonetheless, defendants do not identify any prejudice that would result from allowing the autopsy report into evidence, and the Court does not see that any additional discovery will be necessary as a result. Because Dallas has shown that her violation of Rule 37 is harmless, the Court will allow introduction of the autopsy report.

CONCLUSION

The defendants have conceded that witnesses Semon Cull, Willie Mae Lane, Carlene Washington, and Sheila Brouse/Dehn were properly designated. Accordingly, the defendants' request to strike these witnesses is denied.

The plaintiff has conceded that witnesses Philip Bridges, Lahana Porter,

Thelmecia Carson, Dorothy Butler, Christopher Lee, Sr., Angie Browning, Dennis Sanders, T.J. Graham, and Maury Phillips were untimely designated. Accordingly, the defendants' request to strike these witnesses is granted.

The plaintiff raised no objection to the defendants' argument that four photographs taken at the scene of the accident and Jason Moody's LinkedIn webpage were untimely produced. Accordingly, the defendants' request to exclude the photographs and Jason Moody's LinkedIn webpage is granted.

The Court will allow Dr. Davis to testify as a fact witness, but he is prohibited from providing expert opinion testimony in this case. The defendants' request to exclude expert witness testimony of Dr. J. Brent Davis is granted.

The defendants' objection to expert witness testimony by Jason Moody and Jason Burke is overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [74] Motion to Strike or In Limine filed by the defendants is **GRANTED IN PART AND DENIED IN PART** as set out above.

**SO ORDERED AND ADJUDGED** this the 23rd day of October, 2017.

s\ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief U.S. District Judge